UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Carson L. Whatley, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | 1:24-cv-00791-JPB-CCB |
| | ) | |
| Board of Regents of the University System of Georgia, | ) ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1. Description of Case:**

(a) Describe briefly the nature of this action.

Plaintiff Carson Whatley ("Mr. Whatley" or "Plaintiff") brings this Complaint against Defendant Board of Regents of the University System of Georgia ("BOR" or "Defendant"), alleging violations of Titles I and II of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended, 29 U.S.C. §701 *et seq.*

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiff's summary:** Mr. Whatley worked for Defendant at Georgia State University ("GSU") as a Police Sergeant. He began his employment at GSU in

January 2016. Mr. Whatley is right-handed, and in or around March of 2022, he suffered an injury to his right shoulder, temporarily impairing his ability to raise his arms above his head, lift heavy weights, climb ladders, and shoot a firearm accurately, among other things. His medical provider prescribed a regimen of moderate-intensity physical therapy and ordered several modest work restrictions. His medical provider anticipated that Mr. Whatley's treatment would be complete by June 18, 2022, at which point he would no longer need the work restrictions and his temporary disability would be relieved.

In April and May of 2022, while Mr. Whatley was temporarily disabled, he was due to recertify his proficiency handling firearms via an annual test he had passed every year since 1988. Because of his temporary disability, he was not able to pass the test in April or May of 2022. He asked his supervisors in the GSU Police Department to allow him to delay his recertification a few months, as an accommodation for his disability. GSU denied Mr. Whatley's request and did not say why. GSU then terminated Mr. Whatley's employment because he was not able to pass the recertification test in April or May of 2022. A few months later, after his shoulder had recovered sufficiently, Mr. Whatley passed the firearm recertification test and resumed employment as a peace officer elsewhere.

For these reasons, Mr. Whatley seeks damages, reasonable attorneys' fees, and costs under the ADA and Rehabilitation Act.

**Defendant's summary:** GSU denies that it discriminated against Plaintiff because of a disability. Plaintiff was employed by GSU's Police Department as a sergeant from 2016 to 2022. As a certified peace officer, Georgia law requires that Plaintiff pass an annual firearms recertification examination pursuant to the Georgia Peace Officers Standard and Training ("POST") Rules. At the beginning of 2022, GSU notified its officers that recertification would occur in the spring of 2022. When tested in 2022, Plaintiff failed the recertification exam three times between April 1, 2022 and May 10, 2022. After failing the recertification exam for the first time, Plaintiff told his supervisor that his shoulder was bothering him, but he reiterated that he thought he would be fine by the time he took the recertification exam for the second time. In fact, Plaintiff voluntarily scheduled his second recertification examination at a time that was best for his schedule. After failing his examination the second time, he again complained about his shoulder. Plaintiff was told that if he believed his shoulder was impacting his ability to pass the recertification examination that he should get a doctor's note. Plaintiff did not submit a doctor's note and he took the examination for a third time (failing again). As a result, Plaintiff's employment was terminated on May 11, 2022. Plaintiff did not request an accommodation or provide medical documentation regarding his injury until after his termination. And the medical documentation that he provided after he was told

he was terminated did not support his claim that he needed a reasonable accommodation.

(c) The legal issues to be tried include the following:

1. Whether Defendant is entitled to sovereign immunity as to Plaintiff's ADA claims;

2. Whether Plaintiff, at the time of his termination, was a qualified individual with a disability for the purposes of the ADA and Rehabilitation Act;

3. Whether Plaintiff requested one or more reasonable accommodations for the purposes of the ADA and Rehabilitation Act;

4. Whether Defendant failed to provide Plaintiff with reasonable accommodations for the purposes of the ADA and Rehabilitation Act;

5. Whether Defendant's failure to provide Plaintiff with reasonable accommodations violated the ADA or Rehabilitation Act;

6. The amount of damages for which Defendant is liable to Plaintiff; and

7. The amount of attorneys' fees and other costs for which Defendant is liable to Plaintiff.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:  <u>None</u>.

(2) Previously Adjudicated Related Cases:  <u>None.</u>

   **2. This case is complex because it possesses one or more of the features listed below (please check):**

This case is not unusually complex.

\_\_\_\_\_(1) Unusually large number of parties
\_\_\_\_\_(2) Unusually large number of claims or defenses
\_\_\_\_\_(3) Factual issues are exceptionally complex
\_\_\_\_\_(4) Greater than normal volume of evidence
\_\_\_\_\_(5) Extended discovery period is needed
\_\_\_\_\_(6) Problems locating or preserving evidence
\_\_\_\_\_(7) Pending parallel investigations or action by government
\_\_\_\_\_(8) Multiple use of experts
\_\_\_\_\_(9) Need for discovery outside United States boundaries
\_\_\_\_\_(10) Existence of highly technical issues and proof
\_\_\_\_\_(11) Unusually complex discovery of electronically stored information

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

> James Radford
> Jake Knanishu
> Attorneys for Plaintiff
>
> William Miles
> Yosra Khalifa
> Attorneys for Defendant

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

__X__ Yes  ____ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

Defendant contends that it is entitled to sovereign immunity on Plaintiff's ADA claims. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001) (holding that state entities are entitled to Eleventh Amendment immunity from private suits for money damages on Title I ADA claims); *Fields v. Bd. of Trustees of the Ga. Military Coll.*, 2024 WL 375387, at *7 (M.D. Ga. Jan. 31, 2024) (holding that state entities are entitled to Eleventh Amendment immunity from private suites for money damages in Title II ADA claims).

## 5. Parties to This Action:

(a) The following persons are necessary parties who have not been joined: N/A

(b) The following persons are improperly joined as parties:  N/A

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:  N/A

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

## 6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

The Parties do not presently anticipate any amendments to the pleadings but reserve their right to do so pursuant to Fed. R. Civ. P. 15(a).

(b) Except as stated above, amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

 (c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed. R. Civ. P. 26(a)(1)(B).

The Parties do not object to serving Initial Disclosures within the time required by the applicable federal and local rules.

### 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

At this time, the Parties do not request a scheduling conference with the Court.

### 10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Plaintiff**

Plaintiff currently anticipates seeking discovery on Defendant's reasons for terminating his employment, Defendant's reasons for not allowing him to delay his firearm recertification a few months, the identities and regular job duties of the individuals who made these decisions, Defendant's policies and procedures regarding receiving and responding to requests for disability accommodations, Defendant's training policies and procedures, Defendant's records of Plaintiff's

8

employment, and Defendant's records of correspondence regarding any or all of the above. Plaintiff reserves the right to seek discovery on other subjects and topics as the case develops.

**<u>Defendant</u>**

Defendant anticipates needing discovery on Plaintiff's medical records, his currently employment and any other evidence that Plaintiff believes supports his claims.

### 11. Discovery Limitation and Discovery of Electronically Stored Information:

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

The Parties agree to electronic service of all discovery and discovery responses without the need to mail paper copies.

(b) Is any party seeking discovery of electronically stored information?

___X___ Yes _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The Parties agree to continue to confer on the production and scope of electronically stored information ("ESI") in a manner consistent with Rule 26(b) and Rule 34(b)(2) of the Federal Rules of Civil Procedure. To the extent a Party maintains that any categories of ESI would be responsive but are "not reasonably

accessible," the Parties agree to confer about the need for preservation and production of such materials. The parties will negotiate search terms and an ESI search and production process. Each Party is to bear the cost of producing its own information unless otherwise agreed to by the Parties or ordered by the Court. Defendant reserves its objection to any ESI request based on proportionality.

To the extent that electronic discovery is sought, the Parties further agree: (a) the Parties may submit all discovery responses in electronic format; and (b) prior to conducting any ESI discovery, the Parties shall meet and confer on a list of custodians and search terms and appropriate date restrictions.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format [TIFF or .TIF files], Portable Document Format [PDF], or native method of production [e.g., paper or disk]), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The Parties agree to produce all ESI in PDF format by default and to retain all ESI in native format to be produced upon reasonable request for same. If either Party requests production of documents in native format, the Parties will meet and confer regarding same, to include the expense associated with such production.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties do not anticipate the need for additional orders at this time.

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on May 15, 2024 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):  */s/ James Radford*

Other participants:  N/A

For defendants: Lead counsel (signature):  */s/ William P. Miles, Jr.*
Other participants:  N/A


(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(__X__) A possibility of settlement before discovery.
(__X__) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

(c) Counsel (__X__) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case.

    None at this time.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ___ day _____, of 2024.

(b) The parties (_X_) do not consent to having this case tried before a magistrate judge of this Court.

/s/ William P. Miles, Jr.
William P. Miles, Jr.
Georgia Bar No. 505828
Yosra Khalifa
Georgia Bar No. 547204
GREGORY, DOYLE, CALHOUN
& ROGERS, LLC
49 Atlanta Street
Marietta, GA 30060
T: (770) 422-1776
F: (770) 426-6155
wmiles@gdcrlaw.com
ykhalifa@gdcrlaw.com

*Counsel for Defendant*

/s/ Jake Knanishu
Jake Knanishu
Georgia Bar No. 597103
James Radford
Georgia Bar No. 108007
Radford Scott, LLP
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
jradford@radfordscott.com
jknanishu@radfordscott.com

*Counsel for Plaintiff*

* * * * * * * * * * * * *
## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this ____ day of_____, 2024.

_____
HONORABLE JUDGE JOHN P. BOULEE
UNITED STATES DISTRCT COURT JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system which will automatically send e-mail notification of such filing to all counsel of record.

*/s/ Jake Knanishu*
Jake Knanishu
Georgia Bar No. 597103
